## FEJERVARY V. LANGER.

1. ACTION TO QUIET TITLE. Under section 2520 of the Code of 1851, an action, in the nature of an action of right, may be brought to quiet title to real property, against another *claiming title thereto*.
2. SAME: LIEN. *Semble*, that an action to quiet title against a party claiming only a lien will not lie under this section, but should be brought in equity.
3. SAME: WHEN AN ACTION MAY BE SUSTAINED IN EQUITY. A bill *quia timet* must show that the complainant has no adequate remedy at law.
4. SAME: CREDITORS. When a bill avers generally that "certain judgment creditors" claim liens, without pointing out more particularly the party of whom they are creditors, the court will not infer that they are the creditors of the defendant.

*Appeal from Scott District Court.*

SATURDAY, JUNE 25.

Bill to quiet title to real estate.—The complainant alleges that he is the owner in fee of a certain tract of land; that he purchased it at a sale made by the trustee, under a deed of trust executed by defendant Langer to complainant, to secure him in the payment of a certain sum of money; that by the purchase he became the owner of the premises in fee simple as against said Langer, and all other persons, and entitled to the immediate possession thereof; that there are certain persons, judgment creditors and others, who pretend to have some lien or claim upon the premises, but who are not in possession, and that he brings his suit for the purpose of *determining and quieting* the title.

On this petition, there was judgment by default for want of an answer, against the defendants served with notice; and a decree in favor of complainant for the title and possession of the land, quieting his title thereto, and awarding him a writ of possession. The writ was issued during the term of court at which the decree was rendered, and the complainant put in possession.

The complainant at the same term, filed a supplemental

petition, making other parties defendants to the suit, who were alleged to claim some interest in the land. As to the defendants not notified, there was an order of publication. A portion of the defendants against whom the judgment by default had been rendered, at the same term, on affidavits filed, moved the court to set aside the default, and allow them to plead to the action. The defendant Langer, on making affidavit of surprise, and that he had a full and perfect defense to the action moved the court for leave to answer; that the writ of possession issued be returned and canceled, and that the officer who had served the same, be directed to restore to him the possession of the land which had been taken from him. The court offered to set aside the default and allow the defendants to plead, but refused to direct that the possession of the land be restored to defendant Langer. To this refusal of the court the defendants excepted; and failing to answer further, the judgment and decree were allowed to stand as entered.

*James Grant*, for the appellant.

I. The bill even considered as a bill *quia timet*, discloses no grounds for equitable relief, in this—that it does not show that the complainant has no remedy at law. Adams Eq. 199, (margin) and notes; *Eldridge* v. *Hill*, 2 John. Ch. 281; *Bond* v. *Little*, 10 Geo. 395; *Greene* v. *Harrison*, 7 Ala. 385; *Lowe* v. *Lowry*, 4 Hammond 77.

II. The complainant by his bill in equity asks for relief at law to recover possession, of which he does not show that he has been ousted; and relief in equity to quiet his title and establish his lien. Law and equity must be separate. *Clausen* v. *Lefranz*, 4 G. Greene 227; *Roberts* v. *Talliafero*, 7 Iowa, 110.

III. The court erred in entering up judgment by default, after the amendment of bill, and the order for service of notice by publication. The amendment of the bill named new parties and entitled the defendants to a continuance. Mit. Eq. Pl. 389, [*327]; *Beardsley* v. *Knight*, 10 Verm.

185; *Violet* v. *Waters*, J. J. Marsh. 303; *King* v. *Anthony*, 2 Black. 131; *Harmon* v. *Brotherton*, 1 Denio. 527; ——— v. *Allen*, A. K. Marsh. 350; *Shields* v. *Craig*, 1 Monroe 72; *Davison* v. *Bond*, 12 Ill. 84.

IV. A complainant in equity cannot have a decree for more than he asks in his bill. *Lewis* v. *Guthrie*, 9 Cranch 19; *Crocket* v. *Lee*, 9 Wheat. 522; 5 Day 523; 12 Ib. 69; *Handley* v. *Young*, 4 Bibb 376; *Rootes* v. *Holliday*, 6 Mum. 251; *Morgan* v. *Smith*, 11 Ill. 196; 1 Iredell's Eq. R. 83; 4 De Saus. 323; *Marshall* v. *Tenant*, 2 J. J. Marsh. 155; 5 Black. 48.

V. When a judgment is reversed it reverses everything, and even if a party is put in possession of land the court will order a restitution.   5 Iowa 158.

*Corbin & Dow*, for the appellee.[1]

STOCKTON, J.   The statute authorizes an action in the nature of an action of right, to be brought by one either in or out of possession of real estate, against another person *claiming title thereto*, though not in possession, for the purpose of determining and quieting the question of title.   *Code, sec.* 2025.   The present suit is not brought under the provisions of this section of the Code.   There is no allegation that the defendants or any of them, *claim title* to the land.   The action is more in the nature of a proceeding in chancery to extinguish a lien, or to quiet title.

We think this decree cannot be permitted to stand.   There are fatal objections to the petition, in that it does not present a case for the interposition of a court of chancery.   It is not shown but that the complainant had a full and complete remedy at law, by virtue of the title in fee simple in the premises alleged to be vested in him by the purchase at the trustee's sale.   For aught that appears by the petition, the

---

1   No argument or brief by the counsel for the appellee appears among the papers on file in this case.

judgment creditors, who, it is alleged, pretended to have some lien or claim upon the land, may be judgment creditors of the complainant, and not of the defendant Langer.

It is not to be denied that the complainant may resort to a court of equity, to extinguish the lien of a judgment, and to have his title in the land quieted against disturbance by the holder thereof. But there should, in all cases, be such distinctness of averment, as that the court, taking the petition as confessed, may see that the party is entitled to the relief sought. Nothing will be supplied by conjecture or inference, to help out the case made by the party's own statement of his grievances.

In this instance, the only grievance alleged is, that *certain judgment creditors* pretend to have a lien or claim upon the land; and all the remedy sought, (beside the prayer to be put into possession of the land,) is that complainant's title may be quieted. The court will not infer that the "certain judgment creditors" referred to, were the judgment creditors of the defendant Langer, who, by asserting their lien and claim to the land, were thereby casting a cloud upon the title of complainant. Nor will it render a decree upon the prayer, quieting the title of complainant to the land, which by its operation, might prejudice the just rights of judgment creditors of complainant, who may be asserting their lien and claim upon the land, to which he alleges he has acquired the title in fee simple, and upon which, in such case, their judgments would be valid liens. He would certainly have no right to such relief in a court of chancery.

The judgment will be reversed and the cause remanded, with leave to the complainant to amend his petition, and to the defendants to answer the same. As the complainant has been put in possession of the land under the writ issued upon the judgment, it will be proper for the District Court, on the application of the defendants shown to have been turned out of possession, to award in their favor a writ of restitution, under which they will be restored to the possession of the premises taken from them.

Judgment reversed.